UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MARK RUTHRAUFF, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO.: 2:19-CV-309 ) ) |
| JULIAN DROZDOWSKI and FTI HOLDINGS, | ) ) ) |
| Defendants. | ) ) |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA.

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332, 1441, and 1446, removing party, FTI HOLDINGS, by counsel, hereby files this Notice of Removal to remove the above-entitled action to this Court based upon the following supporting grounds. Removing FTI Holdings, appearing solely for the purpose of this removal, and for no other purpose, and preserving all other defenses available to it, states as follows:

## VENUE

1. Removal to the Southern District of Indiana, Terre Haute Division, is appropriate pursuant to 28 U.S.C. § 1441(a), because the Southern District of Indiana, Terre Haute Division, embraces the County of Putnam, where the action was pending prior to the filing of this Notice of Removal.

## REMOVAL IS TIMELY

2. On May 29, 2019, removing party FTI Holdings was served by certified mail with a Summons and Complaint in the above-entitled action at its principal place of business in Dundas, Ontario, Canada. Therefore, removal is timely under 28 U.S.C. § 1446(b)(1).

## STATE COURT PROCEEDINGS

3. On or about May 15, 2019, Plaintiff Mark Ruthrauff (hereinafter "Plaintiff") filed an Appearance, Complaint, and Summons in the above-entitled action against Julian Drozdowski and FTI Holdings in the Putnam County Circuit Court in the State of Indiana, Cause No. 67C01-1905-CT-000290, and is now pending therein.

4. On or about May 16, 2019, Plaintiff filed a Certificate of Issuance of Summons attempted on FTI Holdings.

5. On or about May 16, 2019, Plaintiff filed a Certificate of Issuance of Summons attempted on Julian Drozdowski.

6. On or about June 6, 2019, FTI Holdings filed Attorney Appearances, Jury Demand and Motion for Enlargement of Time to File Responsive Pleading in the Putnam County Circuit Court in the above-entitled action.

7. On or about June 6, 2019, the Putnam County Circuit Court issued an Order Granting FTI Holding's Motion for Enlargement of Time to File Responsive Pleading.

8. On or about June 20, 2019, Plaintiff filed an Alias Summons to Defendant Julian Drozdowski.

9. On or about June 20, 2019, Plaintiff filed a Certificate of Issuance of Summons attempted on Julian Drozdowski.

10. No further proceedings have been had in the Putnam County Circuit Court.

11. Pursuant to S.D. Ind. L.R. 81-2(d), FTI Holdings asserts that there are no state court motions that remain pending at the time of this Notice of Removal.

## DIVERSITY JURISDICTION EXISTS

12. This is a civil action that falls within the Court's original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

13. Plaintiff is a citizen of the State of Indiana.

14. Defendant Julian Drozdowski is a citizen of Canada.

15. FTI Holdings is a Canadian corporation with its principal place of business in Canada.

16. There is complete diversity of citizenship between the parties named in this case.

17. Plaintiff's Complaint does not demand a specific sum of monetary damages. The State of Indiana does not permit a demand for a specific sum. Therefore, this Notice of Removal states that the monetary value of the amount in controversy exceeds $75,000, exclusive of interest and costs, based upon the following:

   a. In *Oshana v. Coca–Cola, Co.*, 472 F.3d 506 (7th Cir. 2006), the Seventh Circuit Court of Appeals explained the standard for meeting the amount in controversy requirement in cases removed to federal court. "[T]he amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit begins, or in the event of removal, on the day the suit was removed." *Id*. at 510. In general, the proponent of jurisdiction has the burden of showing by a preponderance of the evidence facts that suggest the amount in controversy requirement is met. *Id*. When the complaint does not establish

  the amount in controversy, a "[defendant's] good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.* at 511.

b. In *Rising–Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir.2006), the Seventh Circuit Court of Appeals held that the minimum amount in controversy for purposes of federal diversity jurisdiction was satisfied where the plaintiff's medical expenses and lost earnings amounted to $45,000, so that "[a] modest allowance for pain, suffering, and future losses (either income foregone or medical expenses incurred) brings the total over the threshold." The *Rising–Moore* Court further discussed that Plaintiff's willingness to accept a $60,000 settlement supports the conclusion that the amount in controversy exceeds $75,000. *Rising-Moore*, 435 F.3d at 816 (7th Cir. 2006).

c. In the subject case, Plaintiff sustained injuries as an alleged result of the incident forming the basis of his Complaint, resulting in medical treatment and incurred expense, although the Complaint does not establish an amount in controversy. (Compl. ¶ 3.)

d. Plaintiff alleges "he has suffered pain and mental anguish, all of which things are continuing and permanent." (Compl. ¶ 3.)

e. On March 8, 2018, Plaintiff made a demand in the amount of $50,000 on Crawford & Company, FTI Holding's insurance carrier. The demand letter is attached hereto as **Exhibit A**. In this demand letter, Plaintiff's counsel states that Plaintiff suffered "a head laceration, loss of consciousness, neck and back pain and headaches" as an alleged result of the subject accident. The demand

    letter further states that Plaintiff still experiences migraines with blurred visions, vomiting, shaking, cold sweats, and sharp pain, and his quality of life had been diminished. The demand letter also states that as of March 8, 2018, Plaintiff had incurred a total of $16,944.25 in medical expenses.

f. Based on Plaintiff's Complaint and demand letter, the following support the conclusion that the minimum amount in controversy is satisfied for purposes of federal diversity jurisdiction: (1) the Complaint's allegations regarding Plaintiff's damages (e.g., physical injuries, pain, and mental anguish) (2) Plaintiff had already incurred $16,944.25 as of March 8, 2018; (3) Plaintiff alleges continuing symptoms and mental anguish; and (4) Plaintiff made a $50,000 demand.

g. Furthermore, in *Workman v. United Parcel Service, Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000), the Seventh Circuit Court of Appeals noted that the failure to stipulate leads to an inference that the party believes its claim is worth more than $75,000.

h. On June 10, 2019, counsel for FTI Holdings wrote to Plaintiff's counsel, asking if he agrees the amount in controversy exceeds 75,000, exclusive of interest and costs, making the case able to be removed to federal court, and if not, whether he would agree to a stipulation and covenant not to execute a claim exceeding $75,000, in an effort to secure a binding commitment from Plaintiff that the amount in controversy did not exceed $75,000.

i. On June 18, 2019, counsel for FTI Holdings followed up with Plaintiff's counsel, who had not responded to the June 10, 2019 correspondence referenced above.

j. On June 25, 2019, counsel for FTI Holdings again followed up with Plaintiff's counsel, who still had not responded to previous correspondence; Defendant sent Plaintiff's counsel a stipulation and covenant not to execute and stated, "Given that I've sent multiple emails about removing both of these claims which have gone unanswered, if we do not receive a signed copy by tomorrow at 12pm, we will proceed with removing Ruthrauff's claim to federal court as well."

k. Defendant's counsel did not receive a signed copy of the stipulation and covenant not to execute by 12 p.m. the following day.

l. Plaintiff's counsel wrote to Defendant's counsel on June 27, 2019, at 1:48 p.m., asking for a week to consult with Plaintiff before agreeing to the stipulation and covenant not to execute.

m. Defendant's counsel responded on June 27, 2019, stating that because the removal deadline is on June 28, 2019, Defendant cannot wait a week.

n. Defendant failed to failure to stipulate in the required timeframe, which leads to an inference that the party believes its claim is worth more than $75,000.

o. This Notice of Removal is being filed based on Defendant's good-faith estimate of the stakes, which was plausible and supported by a preponderance of the evidence described above.

18. Based upon the injuries and damages alleged, Plaintiff seeks recovery in excess of $75,000, exclusive of interest and costs, the value to Plaintiff of the relief sought in the Complaint exceeds $75,000 exclusive of interest and costs, and/or the amount in controversy exceeds $75,000 exclusive of interest and costs.

19. Therefore, this state court action is properly removed to this Court in accordance with 28 U.S.C. §§ 1441 and 1446 because: (1) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Indiana, Terre Haute Division; (2) this action is between citizens of different States; (3) the amount in controversy exceeds $75,000 exclusive of interest and costs.

## **STATUTORY REQUIREMENTS**

20. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81-2(a), a copy of the entire state court file is attached as an Exhibit and includes the State Court Record as of the date of this Notice of Removal, including the following: (Appearance, Complaint, Summons, Summons, Certificate of Issuance of Summons, Certificate of Issuance of Summons, Appearance, Jury Demand, Motion for Enlargement of Time, and Order on Motion for Enlargement of Time, Summons, and Certificate of Service).

21. Pursuant to S.D. Ind. L.R. 81-2(c), a copy of the operative Complaint is also attached hereto as to this Notice of Removal.

22. A copy of this Notice of Removal has been filed in the Putnam County Circuit Court and Plaintiff has been served with both this Notice of Removal and the Notice of Filing Notice of Removal.

WHEREFORE, removing party FTI HOLDINGS, by counsel, respectfully requests that the above-entitled action be removed from the Putnam County Circuit Court to the United States District Court for the Southern District of Indiana, Terre Haute Division.

**LEWIS WAGNER, LLP**

By: */s/Katherine L. English*
LESLEY A. PFLEGING, #26857-49A
KATHERINE L. ENGLISH, #35219-49
*Counsel for Defendant*

{0017465/0026/01961086 v1}

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2019, a copy of the foregoing **Notice of Removal** was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

Daniel McGlone
McGLONE LAW OFFICES
702 Sycamore Building
Terre Haute, IN  47807
dan@mcglonelawoffice.com
*Counsel for Plaintiff*

By: */s/ Katherine L. English*
      KATHERINE L. ENGLISH

LEWIS WAGNER, LLP
Suite 200
501 Indiana Avenue
Indianapolis, IN 46202
 Telephone:    317-237-0500
 Facsimile:    317-630-2790
lpfleging@lewiswagner.com
kenglish@lewiswagner.com